UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>   v.<br><br>BENJAMIN BURNS,<br><br>                     Defendant. | Case No. CR98-201-MJP<br><br>**PROPOSED FINDINGS OF FACT AND DETERMINATION AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE** |

## INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on September 8, 2009. The defendant appeared pursuant to a warrant issued in this case. The United States was represented by Bruce F. Miyake, and defendant was represented by Paula Deutsch. Also present was Senior U.S. Probation Officer Steven R. Gregoryk. The proceedings were digitally recorded.

## SENTENCE AND PRIOR ACTION

Defendant was sentenced on December 17, 1998 by the Honorable Marsha J. Pechman for Conspiracy/Distribution and Possession of Methamphetamine. He received 121 months of imprisonment and 5 years of supervised release. Defendant's supervision began on April 28, 2006. On June 19, 2007, the Court modified defendant's conditions of supervision and ordered 90 days

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO VIOLATIONS OF
SUPERVISED RELEASE - 1

of home confinement due to drug use. On November 18, 2008, the Court approved a no action report charging morphine use.

## PRESENTLY ALLEGED VIOLATIONS AND DEFENDANT'S ADMISSION OF THE VIOLATION

In a petition dated March 6, 2009, Senior U.S. Probation Officer Steven R. Gregoryk alleged that defendant violated the following conditions of supervised release:

1. Committing the crime of Possession of Marijuana with Intent to Distribute, on or before March 5, 2009, in violation of the general condition that he not commit another federal, state, or local crime.

2. Possession of marijuana on or before March 5, 2009, in violation of the general condition that he not commit another federal, state, or local crime.

3. Associating with a person, Brandi Allen, known to be engaging in criminal behavior, in violation of standard condition No. 9.

4. Associating with persons known to have felony records, in violation of standard condition No. 9.

5. Possession of methadone on or before March 5, 2009, in violation of the general condition of supervision which states that the defendant shall not commit another federal, state, or local crime.

6. Possession of morphine on or before March 5, 2009, in violation of the general condition of supervision which states that the defendant shall not commit another federal, state, or local crime.

In a supplemental petition dated March 9, 2009, Senior U.S. Probation Officer Steven R. Gregoryk alleged that defendant additionally violated the following conditions of supervised

release:

7. Submitting fraudulent pay stubs to the probation office for the months of January 2008 through December 2008, in violation of standard condition No. 2

8. Making a false statement in regard to a Declaration of Defendant's Net Worth Statement on October 8, 2008, in violation of 18 U.S.C. § 1001, and in further violation of the general condition of supervision which states that the defendant shall not commit another federal, state, or local crime.

The Government dismissed violations 2, 4, 5, and 6. Defendant admitted to violations 1, 3, 7, and 8, waived any hearing as to whether they occurred, and was informed the matter would be set for a disposition hearing September 23, 2009 before District Judge Marsha J. Pechman. Defendant remains in custody.

## RECOMMENDED FINDINGS AND CONCLUSIONS

Based upon the foregoing, I recommend the court find that defendant has violated the conditions of his supervised release as alleged above, and conduct a disposition hearing.

DATED this 8th day of September, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge